T.C. Memo. 1998-407

UNITED STATES TAX COURT

STEPHEN NEAL SWIHART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2966-98.          Filed November 13, 1998.

Stephen Neal Swihart, pro se.

<u>Julie L. Payne</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.  All section references are to the Internal Revenue Code in
effect for the tax year in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $6,336 and an accuracy-related penalty under section 6662(a) in the amount of $1,267.

Following concessions made by both parties,[1] the issues for decision are: (1) Whether petitioner is subject to the 10-percent additional tax on early distributions from qualified retirement plans imposed by section 72(t); and (2) whether petitioner is liable for the accuracy-related penalty under section 6662.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in North Bend, Washington, when the petition in this case was filed.

Throughout the year in issue petitioner worked for Key Trucking, Inc. (Key), as a salesman. At the beginning of 1994 petitioner was paid a salary by Key. In late January or early February, Key ceased paying petitioner a salary, and, instead,

---

[1] Petitioner conceded that he failed to report $15,540 of compensation paid to him by Key Trucking, Inc. (Key). Petitioner also conceded that $674 he received from Mac Transportation and $1,008 he received from Atlantic and Pacific Freightways was unreported nonemployee compensation and subject to self-employment tax. Respondent conceded that commission income petitioner received from Key in the amount of $15,540 was not subject to self-employment tax.

paid him commissions on his sales. In August 1994, Key resumed paying petitioner a salary. During 1994, Key paid petitioner $17,468.12 of wages and $15,540 of commissions. Key issued to petitioner a taxable income report that included all of the wage income, but failed to disclose the commission income. Petitioner reported on his 1994 tax return all of the wage income but failed to report the commission income. During 1994, petitioner and respondent entered into an agreement that concerned a previous year. Petitioner explains that he mistakenly believed that taxes on the commission income were resolved by that agreement.

Prior to 1981, petitioner worked for Pay n' Save Corp., a company engaged in retail businesses. During his employment with Pay n' Save, petitioner contributed to Pay n' Save's pension plan. On February 12, 1981, petitioner discontinued his employment with Pay n' Save, but left his pension contributions in the plan. Pay n' Save subsequently discontinued its businesses and was liquidated. Sometime during 1993, petitioner received notification from the Superior Court for Los Angeles County, California, that Executive Life, the underwriter of the Pay n' Save retirement plan, was being liquidated. This notification provided petitioner with an opportunity to opt out early and take a lump-sum settlement. Petitioner chose this option, rather than awaiting the ultimate resolution of Executive Life's affairs, and during 1994 petitioner received a distribution in the amount of $5,126.

Petitioner included the distribution in his income tax return for 1994. Petitioner had not attained the age of 59 1/2 years when he received the distribution with respect to his pension from Executive Life. Respondent determined that petitioner is liable for the 10-percent tax on early distributions from qualified retirement plans imposed by section 72(t). Petitioner asserts that the additional tax should not apply because the withdrawal was encouraged by the Superior Court and was essentially involuntary.

Additional Tax on Early Withdrawals Under Section 72(t)

Under section 72(t), a 10-percent tax is imposed on any distribution from a qualified retirement plan if the distribution fails to satisfy one of the exceptions specifically provided in section 72(t)(2).[2] Petitioner does not assert that any statutory

---

[2] Sec. 72(t)(2) states:

(2) Subsection not to apply to certain distributions.--Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:

(A) In general.--Distributions which are--

(i) made on or after the date on which the employee attains age 59 1/2,

(ii) made to a beneficiary (or to the estate of the employee) on or after the death of the employee,

(iii) attributable to the employee's being disabled within the meaning of subsection (m)(7),

(iv) part of a series of substantially equal

(continued...)

exception applies.   Instead, petitioner argues that he is not liable for the 10-percent additional tax because he did not voluntarily withdraw the funds.

In holding that the 10-percent penalty applies to early distributions from the Civil Service Retirement System, the Court of Appeals for the Ninth Circuit, to which any appeal in this case would lie, stated in Roundy v. Commissioner, 122 F.3d 835, 837 (9th Cir. 1997), affg. T.C. Memo. 1995-298:

> [Section 72(t)(1)] applies to any retirement
> distribution, so long as it is not specifically
> exempted and is from a "qualified retirement plan".

Petitioner has not disputed that the distribution in issue was from a qualified retirement plan.  This Court on numerous occasions has considered circumstances in which taxpayers have sought to avoid the 10-percent additional tax under section 72(t).  We repeatedly have ruled that we are bound by the list of statutory exceptions to section 72(t) contained in section 72(t)(2)(A).  See, e.g., Clark v. Commissioner, 101 T.C. 215, 224-225 (1993); Vorwald v. Commissioner, T.C. Memo. 1997-15;

---

[2](...continued)
> periodic payments (not less frequently than
> annually) made for the life (or life expectancy)
> of the employee or joint lives (or joint life
> expectancies) of such employee and his designated
> beneficiary, or
>
>     (v) made to an employee after separation from
> service after attainment of age 55, or
>
>     (vi) dividends paid with respect to stock of a
> corporation which are described in section 404(k).

Hobson v. Commissioner, T.C. Memo. 1996-272; Grow v. Commissioner, T.C. Memo. 1995-594; Wheeler v. Commissioner, T.C. Memo. 1993-561. The language of section 72(t) simply does not differentiate between voluntary and involuntary withdrawals.

In Larotonda v. Commissioner, 89 T.C. 287 (1987), we held that where the IRS served a levy against the taxpayer's Keogh account for payment of an assessed deficiency and the bank trustee paid the money directly to the IRS, the 10-percent additional tax was not payable under former section 72(m)(5)(B). That section differed from current section 72(t), particularly in that it did not include the list of specific exceptions to tax set forth in section 72(t)(2). Moreover, in the Larotonda case, the taxpayer never received the funds and had no opportunity to avoid the tax by timely reinvestment of the proceeds in another qualified plan. In Aronson v. Commissioner, 98 T.C. 283, 292 (1992), we applied former section 408(f)(1), similar to former section 72(m)(5), where taxpayers' receipt of their funds from a qualified plan was "involuntary" (since their financial institution had failed and was being liquidated), but the taxpayers had available an alternative: they could have timely reinvested or "rolled over" the amounts into another qualified plan and avoided tax under section 408(d)(3). Since the taxpayers in Aronson failed to reinvest the distributions in another qualified plan, we sustained the imposition of the 10-percent additional tax under former section 408(f)(1). The facts

here are more similar to those in <u>Aronson</u> than to those in <u>Larotonda</u>, since petitioner admittedly received amounts from the qualified retirement plan but failed to roll them over or reinvest them in an Individual Retirement Account or other qualified plan.

In view of the foregoing, we hold that petitioner is liable for the 10-percent additional tax imposed under section 72(t).

<u>Accuracy-Related Penalty</u>

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to any substantial understatement of income. Sec. 6662(b)(2). There is a substantial understatement of income tax for any year if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1).

Alternatively, section 6662(a) imposes a penalty of 20 percent on the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

However, section 6664(c) provides that no penalty shall be imposed with respect to any portion of an underpayment if it is

shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances. Id.

With regard to the underpayment due to the underreporting of income, we are convinced that petitioner acted with reasonable cause and in good faith. During the year in issue, Key repeatedly changed the method by which it compensated petitioner. Petitioner undoubtedly relied upon an information return, prepared by Key, when he prepared his 1994 income tax return. The information return prepared by Key failed to disclose his commission income. Reliance on an information return can constitute reasonable cause and good faith if such reliance is reasonable and the taxpayer acted in good faith. Id. Given the facts and circumstances of this case, including petitioner's confusion about his tax obligations during the period in issue, we find that petitioner acted with reasonable cause and good faith when he failed to report the commission income.

As to the underpayment due to the additional tax under section 72(t), because of matters discussed above, we find that petitioner acted with reasonable cause and good faith.

Accordingly, petitioner is not liable for the accuracy-related penalty as provided by section 6662(a).

<u>Decision will be entered under Rule 155</u>.