T.C. Summary Opinion 2003-137


UNITED STATES TAX COURT


JOHN AND MICHELE MCGOVERN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19183-02S.            Filed September 30, 2003.


John McGovern and Michele McGovern, pro se.

<u>James Brian Urie</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' 1999 Federal income tax of $1,288.  The issue for decision is whether the 10-percent additional tax under section 72(t)(1) applies to the early distribution from petitioners' Federal Employees' Thrift Savings Plan.

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and attached exhibits are incorporated herein by this reference.  At the time of filing the petition, petitioners resided at Scranton, Pennsylvania.

Background

During the year in issue, John McGovern (petitioner) was a full-time student at Villanova University School of Law.  Also during the year in issue, petitioner received a lump-sum distribution of $27,880.04 from his Federal Employees' Thrift Savings Plan (TSP) and deposited that amount into a personal checking account.  Petitioner rolled over $15,000 of that amount into an individual retirement account (IRA).[1]  Petitioner used the remaining $12,880.04 to pay tuition and education fees to Villanova University during the 1999 taxable year.  Neither petitioner attained the age of 59½ years during the 1999 taxable year.

_____

[1]  Respondent did not determine a 10-percent additional tax as to this amount.

On April 15, 2000, petitioners filed a Form 1040, U.S. Individual Income Tax Return, for the 1999 taxable year (1999 tax return). They reported "Total pensions and annuities" of $27,880 and included $12,880 of that amount as part of their total income for the 1999 taxable year. However, petitioners did not report any additional tax under section 72(t)(1) with respect to the $12,880 distribution from their TSP.

Respondent issued petitioners a notice of deficiency dated September 10, 2002, determining a deficiency in Federal income tax of $1,288 for the 1999 taxable year. Respondent contends that, with respect to the $12,880.04 distribution from petitioner's TSP, petitioners are subject to a 10-percent additional tax on an early distribution from a qualified retirement plan under section 72(t)(1).

Petitioners contend that they are not subject to the 10-percent additional tax under section 72(t)(1) for one of two reasons. First, they rely upon Larotonda v. Commissioner, 89 T.C. 287 (1987), and contend that the form of the transaction complies with the requirements of the exception under section 72(t)(2)(E) when petitioners used $12,880.04 from the TSP to pay Villanova University for tuition and education fees during the 1999 taxable year. In the alternative, petitioners seek to disavow the transaction under the doctrine of substance over form. In other words, petitioners seek to recharacterize the

$12,880.04 distribution from their TSP to Villanova University, arguing that this transaction was tantamount to first rolling over the $12,880.04 into an IRA and then distributing that amount to Villanova University.

Discussion

Petitioners filed the 1999 tax return on April 15, 2000; accordingly section 7491(a) is applicable in the instant case. Neither party takes a position as to whether the burden of proof has shifted to respondent under section 7491(a). We conclude that, based upon the record, respondent bears the burden of proof. Nevertheless, we further conclude that resolution of the issue whether the 10-percent additional tax applies to the $12,880.04 distribution from the TSP does not depend upon which party has the burden of proof.

A 10-percent additional tax is imposed upon early distributions from a "qualified retirement plan". Sec. 72(t)(1).[2] In the present case, petitioner's TSP is a qualified retirement plan, and the $12,880.04 distribution from his TSP was

---

[2] Sec. 72(t)(1) provides:

SEC. 72(t). 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--

(1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

an early distribution made before either petitioner attained the age of 59½ years.[3]  Compare sec. 4974(c)(1) with sec. 7701(j)(1).[4]  Accordingly, the 10-percent additional tax applies

---

[3]  The total distribution from petitioner's TSP was $27,880.04.  Of this amount, $15,000 was rolled over into an IRA, and its tax treatment is not the subject of dispute in the present case.  See sec. 402(c)(1), (5).

[4]  Sec. 4974(c)(1) provides:

> SEC. 4974(c).  Qualified Retirement Plan.--For purposes of this section, the term "qualified retirement plan" means--
>
> > (1) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), * * *

Similarly, sec. 7701(j)(1) provides:

> SEC. 7701(j).  Tax Treatment of Federal Thrift Savings Fund.--
>
> > (1) In general.--For purposes of this title--
> >
> > > (A) the Thrift Savings Fund shall be treated as a trust described in section 401(a) which is exempt from taxation under section 501(a);
> > >
> > > (B) any contribution to, or distribution from, the Thrift Savings Fund shall be treated in the same manner as contributions to or distributions from such a trust; and
> > >
> > > (C) subject to section 401(k)(4)(B) and any dollar limitation on the application of section 402(e)(3), contributions to the Thrift Savings Fund shall not be treated as distributed or made available to an employee or Member nor as a contribution made to the Fund by an employee or Member merely because the employee or Member has, under the

(continued...)

to the $12,880.04 distribution unless an exception applies.

Section 72(t)(2)(E) provides that the 10-percent additional tax does not apply to "Distributions to an individual from an individual retirement plan" for "qualified higher education expenses". Petitioners contend that this exception applies to the present case. While the parties do not dispute that tuition payments made and education fees paid to Villanova University constitute "qualified higher education expenses", the issue is whether the remaining requirements of section 72(t)(2)(E) are satisfied.

The $12,880.04 distribution from petitioner's TSP is not a distribution from an "individual retirement plan". An IRA and a TSP are separately defined by the Internal Revenue Code. Section 7701(a)(37) provides that an IRA means "an individual retirement account described in section 408(a)". Section 7701(j)(1) provides that a TSP is treated as a trust described in section 401(a). Compare sec. 7701(a)(37) with sec. 7701(j)(1).[5]

_____

[4](...continued)
provisions of subchapter III of chapter 84 of title 5, United States Code, and section 8351 of such title 5, an election whether the contribution will be made to the Thrift Savings Fund or received by the employee or Member in cash.

See also 5 U.S.C. sec. 8440(a)(1) (2000).

[5] Sec. 7701(a)(37) refers to sec. 408 and provides:

SEC. 7701(a). When used in this title, where not otherwise distinctly expressed or manifestly
(continued...)

Since the distribution in this case is not from an IRA, but rather from a TSP, the exception provided by section 72(t)(2)(E) is inapplicable.

Petitioners nevertheless invite us to interpret broadly the exception under section 72(t)(2)(E) to include the $12,880.04 distribution from the TSP, citing Larotonda v. Commissioner, 89 T.C. 287 (1987). In Larotonda, we concluded that the taxpayers were not liable for the 10-percent premature distribution penalty under former section 72(m)(5) when the IRS served a levy against the taxpayers' Keogh account for payment of an assessed deficiency and the bank trustee paid the money directly to the IRS. Former section 72(m)(5) differed from current section 72(t), particularly in that the former did not include the list of specific exceptions to tax set forth in section 72(t)(2). Swihart v. Commissioner, T.C. Memo. 1998-407. Moreover, unlike petitioners in the present case, the taxpayers in Larotonda never

---

[5](...continued)
incompatible with the intent thereof--

* * * * * * *

(37) Individual Retirement Plan.--The term "individual retirement plan" means--

(A) an individual retirement account described in section 408(a), and

(B) an individual retirement annuity described in section 408(b).

In contrast, as indicated above, sec. 7701(j)(1) refers to sec. 401.

received the funds and had no opportunity to avoid the 10-percent premature distribution penalty under former section 72(m)(5). Compare Larotonda v. Commissioner, supra, with Aronson v. Commissioner, 98 T.C. 283, 292-293 (1992) (sustaining the imposition of the 10-percent additional tax under former section 408(f)(1) when taxpayers had an opportunity to avoid such tax).

Petitioners also ask that we apply the doctrine of substance over form to the $12,880.04 distribution from petitioner's TSP to Villanova University. "The substance-over-form doctrine is applicable to instances where the 'substance' of a particular transaction produces tax results inconsistent with the 'form' embodied in the underlying documentation, permitting a court to recharacterize the transaction in accordance with its substance." Neonatology Associates, P.A. v. Commissioner, 299 F.3d 221, 230 n.12 (3d Cir. 2002), affg. 115 T.C. 43 (2000). However, the Supreme Court "has observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, * * * and may not enjoy the benefit of some other route he might have chosen to follow but did not." Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974) (citations omitted). Similarly, the United States Court of Appeals for the Third Circuit has also observed: "The government has the right to claim that the form of a transaction should not be utilized to postpone taxes that are otherwise due. The taxpayer does not have the like right to

contend that the form that it has chosen should be ignored so that avoidance or postponement of the tax can be accomplished." Strick Corp. v. United States, 714 F.2d 1194, 1206 (3d Cir. 1983).

We conclude that petitioners are liable for the 10-percent additional tax under section 72(t)(1) on the $12,880.04 distribution from petitioner's TSP to Villanova University.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.