T.C. Summary Opinion 2004-57

UNITED STATES TAX COURT

BERNADETTE WILLIAMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 123-03S.                    Filed May 13, 2004.

Bernadette Williams, pro se.

Richard F. Stein, for respondent.

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the taxable year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,609.80 in petitioner's 2000 Federal income tax. The issue for decision is whether petitioner is liable for the 10-percent additional tax imposed by section 72(t) with respect to a distribution from a qualified retirement plan.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Burke, Virginia.

Petitioner began working at the U.S. Postal Service (USPS) as a mail carrier in 1985 and, at least as of the date of trial, has been employed by USPS in some capacity ever since. As an employee of USPS, petitioner participated in a qualified retirement plan (the retirement plan) made available to her through her employer.[1] During 1999 petitioner borrowed from, and made some repayments to, the retirement plan.

Petitioner began experiencing back problems in 1995. Her back problems caused her to miss work from October through December 4, 1999. During that time she stopped making loan repayments to the retirement plan.

---

[1] The record contains little information regarding the exact nature of the retirement plan. The parties proceeded as though the retirement plan is described in secs. 72(t) and 4974(c), and we do likewise.

On December 2, 1999, petitioner's physician cleared petitioner to return to "full duty" work with USPS.  Shortly thereafter, petitioner returned to work at USPS and resumed her duties as a mail carrier.

Petitioner filed a bankruptcy proceeding in January 2000. Throughout 2000, petitioner made specified payments to her various creditors as required by the terms of the bankruptcy plan; however, the bankruptcy plan did not provide for any repayments to the retirement plan.  Accordingly, petitioner did not resume making loan repayments to the retirement plan.

In or around May 2000, petitioner's back condition caused her to stop working again.  In September 2000, the U.S. Department of Labor denied petitioner's disability claim.  In a letter dated May 18, 2001, petitioner's physician stated that petitioner could perform all duties with respect to her job except for getting in and out of the mail truck, and that she could return to "light duty" work.  After being away from work for approximately 1 year, petitioner returned to work for 4 hours a day, but she did not resume her job as a mail carrier.  In a letter dated October 9, 2001, petitioner's physician further stated that petitioner is "not totally disabled" and that she is "capable of working an eight hour day" within prescribed limits. In March 2002, petitioner returned to work full-time.

As of the close of 2000, petitioner had not attained the age of 59 ½.  At the time, her outstanding loan balance from the retirement plan was $16,098 (the distribution).  The distribution is reported on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued to petitioner by USPS.

Petitioner filed a timely 2000 Federal income tax return.  In addition to other items, the distribution is included in the income reported on that return.  The Federal income tax reported on her 2000 return does not include the additional tax imposed by section 72(t).  In the notice of deficiency, respondent determined that petitioner is liable for the additional tax imposed by section 72(t) with respect to the distribution.

Discussion[2]

Section 72(t)(1) imposes an additional tax on early distributions from qualified retirement plans "equal to 10 percent of the portion of such amount which is includable in gross income."  Failure to make any installment payment when due in accordance with the terms of a loan from a qualified retirement plan may result in a taxable distribution.  Sec. 72(p).  Accordingly, a loan that constitutes a taxable distribution is subject to the 10-percent additional tax on early

---

[2]  Petitioner does not argue for the application of sec. 7491.

distributions under section 72(t).  <u>Plotkin v. Commissioner</u>, T.C. Memo. 2001-71.

The additional tax imposed by section 72(t) does not apply to certain distributions from qualified retirement plans.  For example and most common, distributions that are made on or after the date on which the taxpayer attains the age of 59 ½ are not subject to the additional tax.  Sec. 72(t)(2)(A)(i).  Petitioner did not attain the age of 59 ½ as of the close of 2000, and she does not claim that she did.  Instead, she argues that section 72(t) is not applicable to the distribution because she was disabled at the time.  She further suggests that the section 72(t) additional tax should not be imposed because she was prohibited from making loan repayments to her retirement plan by the terms of her bankruptcy plan.

Among other exceptions, none of which applies here, section 72(t)(2)(A)(iii) provides an exception for distributions "attributable to the employee's being disabled within the meaning of subsection (m)(7)".  Section 72(m)(7) defines the term "disabled" as follows:

> (7) Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

The determination of whether a taxpayer is disabled is made on the basis of all the facts. Sec. 1.72-17A(f)(2), Income Tax Regs. The regulations emphasize that the "substantial gainful activity" to which section 72(m)(7) refers is the activity, or a comparable activity, in which the individual customarily engaged prior to the disability. Sec. 1.72-17A(f)(1), Income Tax Regs. The regulations also provide that the nature and severity of the impairment are the primary consideration in determining whether an individual is able to engage in any substantial gainful activity. Id. Other factors to consider in the evaluation of the impairment include the taxpayer's education, training, and work experience. Sec. 1.72-17A(f)(2), Income Tax Regs. Therefore, the impairment must be evaluated in terms of whether it does, in fact, prevent the individual from engaging in his customary, or any comparable, substantial gainful activity. Id.

Additionally, the impairment must be expected either to continue for a long and indefinite period or to result in death. Sec. 1.72-17A(f)(3), Income Tax Regs. In this context, the term "indefinite" means that it cannot reasonably be anticipated that the impairment will, in the foreseeable future, be so diminished as no longer to prevent substantial gainful activity. Id. More specifically, the regulations provide that "An individual will not be deemed disabled if, with reasonable effort and safety to

himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in his customary or any comparable substantial gainful activity." Sec. 1.72-17A(f)(4), Income Tax Regs.

Respondent contends that petitioner was not disabled within the meaning of section 72(m)(7). Specifically, respondent argues that petitioner's condition did not persist for a long and indefinite period as to prevent her from engaging in substantial gainful activity within the meaning provided by the above regulations.

Although petitioner's back condition began in 1995, she continued to work full-time as a mail carrier until October 1999. After approximately a 2-month absence from her job in 1999, petitioner was cleared by her physician to return to "full duty" work as a mail carrier. Petitioner continued to work full-time as a mail carrier until May 2000, at which time petitioner again stopped working due to her back condition. In September 2000, the U.S. Department of Labor denied petitioner's disability claim. In May 2001, petitioner's physician determined that she could return to "light duty" work at USPS. Petitioner returned to work part-time in the office at USPS in May 2001. In October 2001, petitioner's physician further determined that she was not

disabled and fully capable of working an 8-hour day.  Petitioner returned to work full-time in March 2002.

Based on the record before us, we find that petitioner's condition was not of a long-continued and indefinite duration as required by section 72(m)(7).  Petitioner's condition did not prevent her from returning, and, in fact, petitioner did return, to comparable substantial gainful activity at USPS.  Therefore, we find that petitioner was not disabled within the meaning of section 72(m)(7) at the time of the distribution.[3]

Petitioner's suggestion with respect to the consequences of the bankruptcy plan is somewhat undermined by the fact that she stopped making repayments prior to the date that the bankruptcy proceeding was commenced.  Furthermore, there is no specific exception under section 72(t)(2) that addresses her situation. With respect to section 72(t), this Court has repeatedly ruled that it is bound by the list of statutory exceptions under section 72(t)(2), none of which is applicable here.  Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Schoof v. Commissioner, 110 T.C. 1, 11 (1998); Swihart v. Commissioner, T.C. Memo. 1998-407.  Although the Court is somewhat sympathetic to petitioner's situation, we are constrained to sustain respondent's

---

[3]  Because petitioner was working full-time as a mail carrier, she was likewise not disabled within the meaning of sec. 72(m)(7) at the time that she obtained the loan from the retirement plan.

determination.  Accordingly, we hold that petitioner is liable for the additional tax imposed by section 72(t) with respect to the distribution.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.