T.C. Summary Opinion 2005-62

UNITED STATES TAX COURT

THOMAS RICHARD WHITE AND DONNA ESTES WHITE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1815-04S.                    Filed May 23, 2005.

Thomas Richard White and Donna Estes White, pro sese.

<u>Martha J. Weber</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2001,
the taxable year in issue.  All monetary amounts are rounded to
the nearest dollar.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2001 in the amount of $1,671.

After a concession by petitioners,[2] the issues for decision are as follows:

(1)  Whether the unpaid balance on a loan obtained by petitioner Thomas Richard White (Mr. White) from his 401(k) plan constitutes a taxable distribution under section 72(p).  We hold that it does.

(2)  Whether petitioners are liable for the 10-percent additional tax under section 72(t) by virtue of such distribution.  We hold that they are.

### Background

Some of the facts have been stipulated, and they are so found.

At the time that the petition was filed, petitioners resided in St. Joseph, Tennessee.

For a number of years, Mr. White was employed by Graphic Packaging Corp. of Lawrenceburg, Tennessee (Graphic Packaging). As an employee of Graphic Packaging, Mr. White maintained a 401(k) account, which was administered by Fidelity Investments.

---

[2]  Petitioners concede that they neglected to report interest income in the amount of $36 that they received from Employee Resources Credit Union.

In 1998, Mr. White borrowed $12,321 from his 401(k) account to help finance his oldest daughter's college education. The amount borrowed was one-half of the account balance. The terms of the loan required repayment within 5 years based on level amortization through direct deduction from Mr. White's paycheck on a semimonthly basis.

On September 7, 2000, petitioners filed a voluntary petition in bankruptcy under chapter 13 of the Bankruptcy Code. Following the meeting of creditors on November 13, 2000, the Bankruptcy Court issued an order, which was entered on the court's docket on November 14, 2000, confirming the chapter 13 plan and providing notice of a 25-day period within which to object. An objection filed by one creditor was subsequently withdrawn. Accordingly, the court's order became final, pursuant to its terms, upon expiration of the 25-day period.

During the initial phase of the bankruptcy proceeding, Graphic Packaging continued to deduct loan payments from Mr. White's paychecks. However, after notification in mid-December 2000 by the bankruptcy trustee regarding the finality of the court's order confirming petitioners' chapter 13 plan, Graphic Packaging stopped deducting loan payments from Mr. White's paychecks.

At the time that Graphic Packaging stopped deducting loan payments from Mr. White's paychecks, the unpaid loan balance was $6,662. No further loan payments were ever made. After expiration of the "cure" period in 2001, the loan was treated by the plan administrator as having been defaulted.

Fidelity Investments issued a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2001 reporting a gross distribution to Mr. White in the amount of $6,662. Petitioners did not report this distribution on their return.

In the notice of deficiency, respondent determined that petitioners were required to include the $6,662 distribution in income. Respondent also determined that the distribution was subject to the 10-percent additional tax under section 72(t) on early distributions from qualified retirement plans.

## Discussion

Issue 1.

Section 402(a) provides generally that distributions from a qualified plan are taxable to the distributee in the taxable year in which the distribution occurs, pursuant to the provisions of section 72. Accordingly, we turn our attention to section 72 and, in particular, to section 72(p)(1)(A), the section of the Internal Revenue Code that treats certain loans from a qualified employer plan to a participant or beneficiary as taxable

distributions.  See generally <u>Plotkin v. Commissioner</u>, T.C. Memo. 2001-71; <u>Patrick v. Commissioner</u>, T.C. Memo. 1998-30, affd. per curiam without published opinion 181 F.3d 103 (6th Cir. 1999); <u>Prince v. Commissioner</u>, T.C. Memo. 1997-324; <u>Estate of Gray v. Commissioner</u>, T.C. Memo. 1995-421.  For purposes of section 72(p), a "qualified employer plan" includes a plan described in section 401(a) that includes a trust exempt from tax under section 501(a), and therefore includes Mr. White's 401(k) plan. See sec. 72(p)(4)(A)(i)(I).

Section 72(p)(1)(A) provides, as a general rule, that if a participant or beneficiary receives, directly or indirectly, any amount as a loan from a qualified employer plan, then such amount shall be treated as having been received by such individual as a distribution under such plan.  Thus, under the general rule of section 72(p)(1)(A), the making of a loan from a qualified employer plan gives rise to a deemed distribution that is taxable in the year in which the loan is received.

However, section 72(p)(2)(A) provides an exception for certain loans.  Thus, as relevant herein, the mere making of a loan that does not exceed one-half of the nonforteitable accrued benefit of the employee under the plan, that is repayable within 5 years, and that provides for substantially level amortization does not give rise to a deemed distribution.  See sec. 72(p)(2)(A)(ii), (B)(i), and (C).

Although a loan may initially satisfy the requirements of section 72(p)(2)(A) at the time that it is made, a deemed distribution may nevertheless occur subsequently because of the failure to repay the loan consistent with the loan agreement, e.g., because of the failure to amortize the loan on a substantially level basis. Sec. 72(p)(2)(C). Accordingly, if a default occurs, a distribution is deemed to occur at that time in the amount of the then outstanding balance of the loan.[3]

In the present case, there is no dispute that Mr. White defaulted on the 401(k) loan in 2001 upon his failure to make the requisite installment payment within the specified cure period. The record demonstrates that the balance due at the time of the default was $6,662. Thus, pursuant to section 72(p)(1)(A), a distribution is deemed to have been made at such time and in such amount, and, pursuant to section 402(a), the distribution is taxable.

Petitioners contend that they did not receive a taxable distribution because Mr. White was merely borrowing his own money. Although it is true that loan proceeds do not generally

---

[3] Our analysis is based on the statute. We note that the relevant regulation, sec. 1.72(p)-1, Income Tax Regs., is generally applicable to assignments, pledges, and loans made on or after Jan. 1, 2002. Sec. 1.72(p)-1, Q&A-22(b), Income Tax Regs.; see Molina v. Commissioner, T.C. Memo. 2004-258. Thus, the regulation is inapplicable to the present case; however, were we to apply it, our analysis would remain the same. See sec. 1.72(p)-1, Q&A-1(a), Q&A-4(a), Q&A-10, Income Tax Regs.

constitute gross income, and although the loan was for a laudable purpose, petitioners' contention ignores the fact that Mr. White borrowed pretax dollars, i.e.; compensation that had not previously been taxed. Accordingly, the defaulted loan from Mr. White's 401(k) account became taxable (pursuant to section 72(p)(1)(A)) in the same manner that a distribution from such account would have been taxable if Mr. White had simply closed the account and withdrawn the balance therein. In each instance, the amount distributed would be taxable (pursuant to section 402(a)) because such amount represented income that had not previously been taxed.

Consistent with the foregoing, we hold for respondent on this issue.

Issue 2.

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of such distribution that is includable in gross income.[4] As previously discussed, failure to make an installment payment when due in accordance with the terms of a loan from a qualified retirement plan may result in a taxable distribution. Sec. 72(p)(1). Accordingly, a loan balance that constitutes a taxable distribution is subject to the 10-percent additional tax

---

[4] Mr. White's 401(k) account constitutes a qualified retirement plan for purposes of sec. 72(t). See sec. 4974(c)(1).

under section 72(t) on early distributions.  See <u>Plotkin v.
Commissioner</u>, <u>supra</u>.

The additional tax under section 72(t) does not apply to
certain distributions from qualified retirement plans.  For
example, the additional tax does not apply to distributions that
are made on or after the date on which the employee attains the
age of 59½, that are made to a beneficiary on or after the death
of the employee, that are attributable to the employee's being
disabled, or that are made to an employee after separation from
service after attainment of age 55.  See sec. 72(t)(2).[5]
Petitioners do not contend that any of the statutory exceptions
apply to their case.  Rather, they contend that the additional
tax should not be imposed because they were precluded from making
loan repayments to Mr. White's 401(k) plan by virtue of the
chapter 13 bankruptcy plan.

The short answer to petitioners' contention is that there is
no specific exception under section 72(t)(2) that addresses

---

[5]  See also sec. 72(t)(2)(E), which excepts from the
additional tax, under sec. 72(t), certain distributions for
higher education expenses.  However, the exception does not apply
to distributions from all qualified retirement plans but rather
only to distributions from "individual retirement plans", i.e.,
individual retirement accounts and individual retirement
annuities (IRAs).  See secs. 7701(a)(37), sec. 4974(c)(4) and
(5); see also Taxpayer Relief Act of 1997, Pub. L. 105-34, sec.
203(a), 111 Stat. 788, 809; H. Rept. 105-148 at 288-289 (1997),
1997-4 C.B. (Vol. 1) 319, 610-611.  Because the deemed
distribution in this case came from Mr. White's 401(k) account,
which is not an IRA plan, the exception set forth in sec.
72(t)(2)(E) does not apply.

petitioners' situation.  Rather, this Court has repeatedly held that we are bound by the list of statutory exceptions set forth in section 72(t)(2).  <u>Arnold v. Commissioner</u>, 111 T.C. 250, 255 (1998); <u>Schoof v. Commissioner</u>, 110 T.C. 1, 11 (1998); <u>Clark v. Commissioner</u>, 101 T.C. 215, 224-225 (1993); <u>Swihart v. Commissioner</u>, T.C. Memo. 1998-407.  Although the Court is sympathetic to petitioners' position, we are constrained to sustain respondent's determination on this issue. Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue, as well as petitioners' concession, see <u>supra</u> note 2,

<u>Decision will be entered</u>

<u>for respondent.</u>