T.C. Summary Opinion 2007-129


UNITED STATES TAX COURT


JEFFREY LEE GOLIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6603-06S.                    Filed July 26, 2007.


Jeffrey Lee Golian, pro se.

<u>Steven I. Josephy</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  All subsequent section references are to the Internal Revenue Code in effect for 2003, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

For 2003, respondent determined a deficiency in petitioner's Federal income tax of $9,083 and an accuracy-related penalty under section 6662(a) of $1,817. After concessions by the parties,[2] the sole issue for decision is whether petitioner is liable for the 10-percent additional tax under section 72(t) on an early distribution from a qualified retirement plan. We hold that he is.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, Jeffrey Lee Golian (petitioner) resided in the State of Colorado.

For a period of time prior to the year in issue, petitioner was employed by the Kansas City Southern Railroad (the railroad) and lived in the Kansas City area in a single-family residence, which he owned.

While he was employed by the railroad, petitioner maintained a section 401(k) account. Petitioner contributed 3 percent of

---

[2] Petitioner concedes that he received taxable nonemployee compensation of $1,106 from Translink, Inc., that was not reported on his 2003 return. Respondent concedes that petitioner is not liable for the accuracy-related penalty under sec. 6662(a).

his salary to the section 401(k) account on a pretax basis, and his employer made matching contributions.

Upon termination of his employment with the railroad, petitioner rolled his 401(k) account into an individual retirement account (IRA). In 2003, the custodian of petitioner's IRA was Wachovia Securities LLC, and the account consisted of a portfolio of mutual funds.

Also upon termination of his employment with the railroad, petitioner sold his Kansas City residence and relocated to the Denver area, where the cost-of-living, and specifically the cost of housing, was greater. In 2003, needing money to finance the purchase of a new home, and being both a single father and temporarily unemployed, petitioner withdrew $86,333.33 from his IRA.[3] Petitioner used the proceeds, net of withheld taxes, to help finance the downpayment for his new home.

Petitioner was 46 years old and not disabled in 2003 when he received the IRA distribution.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return for 2003. On line 15a of his return, petitioner reported an IRA distribution of $86,333.33, and on line 15b he reported

---

[3] The distribution did not exhaust petitioner's account balance; however, the distribution was not part of a series of substantially equal periodic payments made for petitioner's life (or life expectancy).

the entire distribution as the taxable amount, which he included in gross income.

## Discussion

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters may shift to the Commissioner under certain circumstances.  We decide this case without regard to the burden of proof.  Accordingly, we need not decide whether section 7491(a) applies in this case.[4]

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of the amount that is includable in gross income. A qualified retirement plan includes a section 401(k) plan and an IRA.  See secs. 401(a), (k)(1), 408(a), 4974(c)(1).  The 10-percent additional tax is intended to discourage premature distributions from retirement plans.  Dwyer v. Commissioner, 106

---

[4]  Pursuant to sec. 7491(c), the Commissioner bears the burden of production with respect to any penalty, addition to tax, or additional amount.  Even if the 10-percent additional tax under sec. 72(t) is an "additional amount" for which respondent bears the burden of production, respondent has met such burden by demonstrating that petitioner was 46 years old in 2003 when he received the distribution in issue.  See Milner v. Commissioner, T.C. Memo. 2004-111 n. 2.

T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.[5]

The 10-percent additional tax does not apply to certain distributions, including distributions:  (1) To an employee age 59-1/2 or older; (2) on account of the employee's disability; (3) as part of a series of substantially equal periodic payments made for the employee's life (or life expectancy); or (4) to an individual from an IRA which are qualified first-time home buyer distributions.[6]  Sec. 72(t)(2)(A)(i), (iii), and (iv), (F).

Petitioner does not dispute that the $86,333.33 distribution from his IRA was an early distribution from a qualified retirement plan.  Indeed, petitioner properly included the distribution in gross income.[7]

---

[5]  At trial, petitioner accurately described his IRA as an account "for my retirement."  This is precisely why a preretirement distribution is generally subject to the 10-percent additional tax and why there are relatively few exceptions.  "The legislative purpose underlying the section 72(t) tax is that 'premature distributions from IRA's frustrate the intention of saving for retirement, and section 72(t) discourages this from happening.'"  Arnold v. Commissioner, 111 T.C. 250, 255 (1998), quoting Dwyer v. Commissioner, 106 T.C. 337, 340 (1996).

[6]  For purposes of sec. 72(t), the term "employee" includes (in the case of an individual retirement plan) the individual for whose benefit the plan was established.  Sec. 72(t)(5).

[7]  Generally, a distribution from an IRA is includable in the distributee's gross income in the year of distribution under the provisions of sec. 72.  See sec. 408(d)(1); see also sec. 61(a)(9), (11); Arnold v. Commissioner, supra at 253.

Petitioner also does not contend that he satisfies any of the specific exceptions set forth in section 72(t)(2). Rather, petitioner contends that the 10-percent additional tax should not apply because of financial hardship. However, we have expressly held that financial hardship is not an exception to the additional tax imposed by section 72(t). E.g., Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Milner v. Commissioner, T.C. Memo. 2004-111; Gallagher v. Commissioner, T.C. Memo. 2001-34.

We recognize that petitioner received his IRA distribution at a time when he was both a single parent and temporarily unemployed and that he used the distribution for a laudable purpose. Unfortunately for petitioner, we are bound by the list of statutory exceptions set forth in section 72(t)(2). Schoof v. Commissioner, 110 T.C. 1, 11 (1998); Clark v. Commissioner, 101 T.C. 215, 224-225 (1993); Swihart v. Commissioner, T.C. Memo. 1998-407. Thus, although we may be sympathetic to petitioner's position, we are constrained to sustain respondent's determination on this issue.

Finally, the fact that respondent only determined the 10-percent additional tax sometime after making a mechanical adjustment to petitioner's return upon its initial processing is of no moment.[8] The fact of the matter is that respondent sent

---

[8] See sec. 68, imposing an overall limitation on itemized deductions, and sec. 6213(b)(1), permitting summary assessments
(continued...)

petitioner the notice of deficiency within the applicable statute
of limitations.  See sec. 6501(a).  Assuming arguendo that
petitioner might have a claim for abatement of interest, such
claim is not cognizable in an action for redetermination of
deficiency.  See sec. 6404(e), (h); Rule 280(b); see generally
tit. XXVII, Tax Court Rules of Practice and Procedure, regulating
actions for review of failure to abate interest; see also <u>Bax v.
Commissioner</u>, 13 F.3d 54, 56-57 (2d Cir. 1993) (Tax Court
ordinarily lacks jurisdiction to consider interest on a
deficiency in the context of an action for redetermination of
deficiency); <u>Pen Coal Corp. v. Commissioner</u>, 107 T.C. 249, 255
(1996) (same).

　　　To reflect our disposition of the disputed issue, as well as
the parties' concessions, see <u>supra</u> note 2,

<u>Decision will be entered</u>

<u>for respondent as to the</u>

<u>deficiency in income tax and</u>

<u>for petitioner as to the</u>

<u>accuracy-related penalty under</u>

<u>section 6662(a).</u>

---

[8](...continued)
arising out of mathematical or clerical errors.