T.C. Memo. 2012-2

UNITED STATES TAX COURT

BAACEL ROUMI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29776-09.               Filed January 3, 2012.

        R determined additional interest income,
disallowed certain business expense deductions P
claimed on his 2007 tax return, and determined a
deficiency in income tax, an addition to tax for
failure to timely file under sec. 6651(a)(1), I.R.C.,
and an accuracy-related penalty under sec. 6662(a),
I.R.C., for P's 2007 tax year.

        <u>Held</u>:  P is liable for the deficiency.

        <u>Held</u>, <u>further</u>, P is liable for the addition to tax
for failure to timely file his tax return under sec.
6651(a)(1), I.R.C.

        <u>Held</u>, <u>further</u>, P is liable for the accuracy-
related penalty under sec. 6662(a), I.R.C.

Baacel Roumi, pro se.

<u>Nicole C. Lloyd</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an income tax deficiency, a section 6651(a)(1) addition to tax for failure to timely file a Federal tax return, and a section 6662(a) accuracy-related penalty that respondent determined for petitioner's 2007 tax year.[1]  After a concession by petitioner,[2] the issues for decision are:  (1) Whether petitioner is entitled to certain deductions claimed on three separate Schedules C, Profit or Loss From Business; (2) whether petitioner is liable for a section 6651(a)(1) addition to tax for a failure to timely file a Federal income tax return; and (3) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulated facts, with accompanying exhibits, are incorporated herein by this reference.  At the time his petition was filed, petitioner resided in California.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]At trial on Dec. 15, 2010, petitioner conceded he is liable for income tax on $1,392 of unreported interest income.

Petitioner filed his 2007 Form 1040, U.S. Individual Income Tax Return, on April 23, 2008.  In 2007 petitioner was employed by Quick Loan Funding and Homefield Financial Inc., and was paid wages reported on Forms W-2, Wage and Tax Statement, of $127,319.47 and $79,052.24, respectively.  Petitioner included three Schedules C with his Form 1040 for three separate businesses in 2007.

The first Schedule C was for petitioner's business as a "mortgage banker" and reported gross receipts of $2,309 and claimed deductions for car and truck expenses of $10,242 for driving 21,118 miles.  Respondent disallowed this expense.  The Second Schedule C was for petitioner's business "ZE Advertising Co." and reported no gross receipts or sales but claimed total expenses of $69,893, of which $11,922 was for car and truck expenses, for driving 24,582 miles.[3]  Respondent disallowed all of the ZE Advertising Co. claimed expenses.  The third Schedule C was for petitioner's search engine optimization business, "E-Gumball", and reported gross income receipts of $43,218, claimed costs of goods sold of $22,587, and claimed miscellaneous

---

[3]The remainder of the expenses comprised the following: Advertising expenses of $15,218; insurance expenses of $2,864; legal and professional services totaling $2,852; office expenses of $10,218; taxes and licenses totaling $385; "other expenses" totaling $26,434 (which comprised Web and Internet costs of $19,642; telephone answering service expense of $2,240; telephone expense of $2,954; janitorial expenses of $480; equipment rentals for $562; dues and subscriptions costing $388; and bank service charges of $168).

expenses for advertising of $25,560.  Respondent disallowed petitioner's claimed E-Gumball expenses for advertising and costs of goods sold.

OPINION

I.   Preliminary Evidentiary Matters

At trial petitioner attempted to introduce into evidence various bank account statements as Exhibits 8-P, 9-P, and 10-P. These exhibits were not stipulated and were not provided to respondent until the morning of the trial, contrary to the clear direction in the standing pretrial order.[4]  The Court did not issue a ruling on the admissibility of the exhibits at trial.

The Court gave respondent and petitioner further time to verify the authenticity of the exhibits, find and verify additional documents, and supplement the stipulation of facts and the attached exhibits.  The parties filed one such supplemental stipulation during the 60-day period before the close of the trial record, which was set to occur on February 14, 2011.  The

_____

[4]On July 9, 2010, the Court issued a standing pretrial order requiring that

> documents or materials which a party expects to utilize
> in the event of a trial (except solely for
> impeachment), but which are not stipulated, shall be
> identified in writing and exchanged by the parties at
> least 14 days before the first day of the trial
> session.  The Court may refuse to receive in evidence
> any document or material not so stipulated or
> exchanged, unless otherwise agreed by the parties or
> allowed by the Court for good cause shown.

supplemental stipulation related to two checks, for $5,000 and $3,000, which now constitute Exhibit 11-J.  The Court understands and appreciates the resources and efforts petitioner has put forth in order to produce copies of these two checks and file them before the record closed.  Also included in the supplemental stipulation was Exhibits 12-J and 13-J, a copy of a transcript from the IRS showing that petitioner issued no Forms 1099-MISC, Miscellaneous Income, during the 2007 tax year under his Social Security number and a copy of a transcript showing that ZE Advertising Co. issued no Forms 1099-MISC during the 2007 tax year under ZE Advertising Co.'s taxpayer identification number, respectively.  These exhibits are admitted and incorporated herein by this reference.

Exhibit 9-P is a summary of the bank account from which the two checks contained in Exhibit 11-J were drawn.  At trial petitioner put forth no credible evidence for which business the $8,000 was paid on behalf of, nor did he establish the business purpose of the payments.  When petitioner presented Exhibit 11-J to respondent, he did so without additional documentation to support that the checks were for a specific business or related to a particular expense.  Petitioner has failed to show that Exhibit 9-P or Exhibit 11-J has any relevance to the claimed

deductions on any of his three Schedules C. Therefore the Court rules that Exhibits 8-P, 9-P, and 10-P are not admissible.[5]

## II. Burden of Proof

In general, the Commissioner's determination of a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determination is improper. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with applicable substantiation and recordkeeping requirements. See secs. 6001, 7491(a)(2)(A) and (B); sec. 1.6001-1(a), Income Tax Regs. Petitioner therefore bears the burden of proof.

This case concerns certain deductions claimed on three separate Schedules C attached to petitioner's 2007 Federal income tax return. Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to identify each deduction available and show that they have met all requirements as well as

---

[5]Even if admitted, the exhibits do not substantiate without more supporting documents the expenses that petitioner reports on his three Schedules C and therefore would have had no effect on the ultimate outcome of this case.

to keep books or records that substantiate all claimed deductions. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974).

Under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), if a taxpayer claims a deduction but cannot fully substantiate it, the Court, subject to certain exceptions, may approximate the allowable amount, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the deduction is of his own making. However, in order for the Court to estimate the amount of a deduction, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

If a taxpayer's records are lost or destroyed through circumstances beyond his control, the taxpayer may still substantiate the claimed deductions by use of other credible evidence.[6] Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979). A taxpayer is generally allowed, in such circumstances, to substantiate the deductions by a reasonable reconstruction of the expenditures or uses. Evan v. Commissioner, T.C. Memo.

---

[6]Even though a taxpayer can use evidence other than books or records to substantiate claimed deductions, we are not bound to accept a taxpayer's unverified, undocumented testimony. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

2004-180; see sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). Although the Court may estimate amounts, any estimations must have a reasonable evidentiary basis. Villarreal v. Commissioner, T.C. Memo. 1998-420.

Petitioner asserts that a fire in his house destroyed records and documents pertaining to the claimed deductions on the three Schedules C attached to his 2007 Federal income tax return. Petitioner is not relieved of the burden of substantiation. See Evan v. Commissioner, supra. If a fire destroyed his records, petitioner had the opportunity to reconstruct them in order to substantiate the claimed deductions. While we sympathize with his plight arising from the fire, petitioner failed to reconstruct records in any meaningful manner.

III. Whether Petitioner Is Entitled to Certain Expense Deductions Claimed on Schedules C

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is ordinary for purposes of section 162 if it is normal, usual, or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940).

A.    First Schedule C Car and Truck Expenses

On his 2007 Schedule C1 for the "Mortgage Banker" business petitioner claimed car and truck expense deductions totaling $10,242 for driving 21,118 business miles.  In certain circumstances, the taxpayer must meet specific substantiation requirements to be allowed a deduction under section 162.  See, e.g., sec. 274(d).  The heightened substantiation requirements of section 274(d) apply to:  (1) Any travel expense, including meals and lodging while away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) any expense for gifts; and (4) the use of "listed property," as defined in section 280F(d)(4), which includes any "passenger automobile".  To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own statement of the amount, the time, the place, and the business purpose of the claimed car or truck expense.  Sec. 274(d) (flush language).

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the

expenditure or use must have a high degree of probative value to elevate such statement and evidence" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

In cases where section 274 requires substantiation of an expense, the Court may not estimate the expense under Cohan. Lewis v. Commissioner, 560 F. 2d 973, 977 (9th Cir. 1977), revg. T.C. Memo. 1974-59.  Furthermore, if an expense is subject to the strict substantiation requirements of section 274(d), no deduction is allowable on the basis of any approximation or the taxpayer's unsupported testimony.  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner claims to have traveled 21,118 business miles with respect to his mortgage banking business.  However, he has failed to offer any documents, contemporaneous or otherwise, to substantiate the time, place, and business purpose of these miles.  Petitioner's claim that records related to the driving expenses were destroyed by a fire does not relieve him of his burden of substantiation.  See Evan v. Commissioner, supra. Therefore we sustain respondent's disallowance of the car and truck expense deductions claimed on petitioner's first Schedule C for failure to meet the requirements of section 162 and section 274(d).

Petitioner is also not allowed a deduction for the actual costs of operating his vehicle, including Mercedes Benz lease payments and gasoline expenditures. Petitioner has provided no substantiation that links these payments with his business. Secs. 162, 274(d). Therefore we sustain respondent's disallowance of the actual car and truck expenses reported on petitioner's first Schedule C, for failure to meet the requirements of section 162 and section 274(d).

B. Second Schedule C Expenses

On his Schedule C for ZE Advertising Co., petitioner claimed $69,893 in expense deductions, including $11,922 of car mileage expenses, which suffered from the same lack of substantiation discussed above. Section 162(a) provides that a taxpayer who is "carrying on" a "trade or business" may deduct ordinary and necessary expenses incurred in connection with the operation of the business. The Supreme Court held in Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987), that to be considered to be carrying on a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." In determining whether a taxpayer's involvement with the alleged business was sufficiently continuous and regular, it is not controlling that the taxpayer intended to operate a

business, because a business may not exist or yet have commenced without a single customer. There is no business in active operation where there are no customers and no evidence of any sales efforts that could lead to customers. Goodwin v. Commissioner, 75 T.C. 424, 433 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982); Wolfgram v. Commissioner, T.C. Memo. 2010-69.

Petitioner failed to establish that his claimed advertising business was in fact an ongoing business for profit as required by section 162(a). There is no evidence in the record that petitioner's business was in operation in 2007. At trial petitioner testified that in 2007 the business was "in development". ZE Advertising Co.'s taxpayer identification number was not established until January 2008. By that time petitioner may have already abandoned the business, as he could not remember at trial whether he terminated it in December 2007 or in 2008. Furthermore, petitioner did not present evidence that the business had ever generated revenue or that he had claimed expense deductions relating to it in prior tax years. Petitioner failed to convincingly explain why if it was an active business he had no gross receipts or sales from its operations in 2007 but managed to generate $69,893 in expenses.

We also note that even if petitioner's business had been active and in existence in 2007, we would still disallow the

business expense deductions claimed on the second Schedule C. Petitioner failed to meet the substantiation requirements of section 162 and section 274(d). At trial he did not adequately explain the expenses or how they were related to the business. Repeatedly at trial petitioner testified that he could not remember for what certain payments were used or for which business the costs were incurred. Consequently, we hold petitioner may not deduct the expenditures claimed on the second Schedule C for 2007.

C.    Third Schedule C Expenses

On Schedule C for E-Gumball petitioner claimed deductions for $64,435 of expenses. Respondent disallowed deductions of $25,560 for advertising expenses and $22,587 for cost of goods sold. Petitioner presented no evidence to substantiate these expenses. At trial petitioner attempted to substantiate the expenses for advertising but could not link them with any specific payment. Petitioner did not testify about, nor offer any other credible evidence to substantiate, the claimed cost of goods sold. Without demonstrating that these expenditures were ordinary and necessary to his business, or showing that they even exist, he has failed to substantiate that he is entitled to the deductions under section 162. See Commissioner v. Heininger, 320 U.S. at 475; Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Therefore, we must

sustain respondent's determination disallowing deductions for advertising and cost of goods claimed on petitioner's third Schedule C.

IV.   Section 6651(a)(1) Addition to Tax for Failure To Timely File Federal Income Tax Return

Section 6651(a)(1) imposes an addition to tax for failure to file a timely Federal income tax return unless the taxpayer can demonstrate such failure was due to reasonable cause and not willful neglect.[7]  Reasonable cause for the failure to file a timely return exists if the taxpayer exercised ordinary business care and prudence but was unable to file the return within the time prescribed by law.  United States v. Boyle, 469 U.S. 241, 248-250 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for 2007.  The parties stipulated that petitioner filed his return on April 23, 2008, 8 days after its due date.  Petitioner made no arguments nor did he offer any evidence that his failure to timely file his Federal income tax return for 2007 was due to reasonable cause.  We sustain respondent's determination that petitioner is liable for an addition to tax under section 6651(a)(1).

---

[7]The amount of the addition to tax is 5 percent of the amount required to be shown as tax on the return for each month, or portion thereof, that the delinquency continues, up to a maximum of 25 percent.  Sec. 6651(a)(1).

## V.   Section 6662 Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b), including negligence and a substantial understatement of income tax.  Sec. 6662(b)(1) and (2).  Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty.  This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Respondent asserts two causes justifying the imposition of the penalty:  Negligence and a substantial understatement of income tax.  Sec. 6662(b)(1) and (2).

"[N]egligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]".  Sec. 6662(c).  Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly."

Sec. 1.6662-3(b)(1), Income Tax Regs. A substantial understatement of income tax as to an individual is an understatement that exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

Petitioner had the duty to keep adequate records and to substantiate items properly pursuant to section 1.6662-(3)(b)(1), Income Tax Regs. Petitioner asserts his records were destroyed by a fire. When respondent audited his return, petitioner had the duty to make a reasonable effort to reconstruct his records or at least to present other credible evidence to support a reasonable estimate of the purposes and amounts of reported expenses. Lockett v. Commissioner, 306 Fed. Appx. 464, 467 (11th Cir. 2009), affg. T.C. Memo. 2008-5.

There is a substantial understatement of income tax because claimed deductions were not substantiated and have been disallowed. See sec. 6662(d). Petitioner reported tax due of $13,403. Respondent determined that the correct tax liability is $69,801. Therefore, the understatement of income tax is greater than 10 percent of the amount required to be shown and greater than $5,000. Petitioner has not established substantial authority for any item of the claimed deductions at issue, nor has he proved that there was an adequate disclosure in his tax return or in an attached statement of the full facts concerning

such deductions. Petitioner also failed to demonstrate a reasonable basis for his tax treatment of the claimed deductions at issue. See sec. 6662(d)(2)(B).

In the light of petitioner's failure to reconstruct his tax records and substantiate his claimed deductions, as well as his substantial understatement of income tax, respondent has met his burden of production with regard to the section 6662(a) accuracy-related penalty. We recognize that there is an exception to the penalty provided by section 6664(c) where reasonable cause for the underpayment and good faith are shown to exist. But petitioner has made no such showing on either count. We therefore sustain respondent's determination of the section 6662 accuracy-related penalty.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.