**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-75

UNITED STATES TAX COURT

IRENE JERMIHOV AND PETER JERMIHOV, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15145-12S.                    Filed July 28, 2014.

Irene Jermihov and Peter Jermihov, pro sese.

<u>H. Barton Thomas</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for 2009 of $4,980.  The issue for decision is whether petitioners are entitled to itemized deductions for medical and dental expenses, charitable contributions, and unreimbursed employee expenses claimed on their Schedule A, Itemized Deductions, in excess of the amount conceded by respondent.[2]  We hold that petitioners are, but only to the limited extent provided herein.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and the accompanying exhibits.

Petitioners resided in the State of Illinois at the time that the petition was filed with the Court.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2009, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioners are entitled to a miscellaneous itemized deduction of $690 (subject to the 2% percent threshold prescribed by sec. 67(a)) for union dues paid by petitioner Irene Jermihov.

Petitioners' Medical and Dental Expenses

In 2007 petitioners' minor son was diagnosed with, and began to be treated for, attention deficit hyperactivity disorder.  In addition to being prescribed medication and attending sessions with a social worker at his school, petitioners' son worked with a psychotherapist.

In 2009 petitioners' son saw the psychotherapist on a regular weekly basis for approximately 9 or 10 months, or some 42 weeks.  The cost of this treatment-- $150 per week--was not reimbursed (or reimbursable) through petitioners' health insurance.  For the year petitioners paid $6,300 ($150/wk × 42 wks) for their son's psychotherapy.

Also in 2009 petitioner Peter Jermihov was recovering from lymphoma and the chemotherapy used to treat it.  To alleviate pain from systemic inflammation caused by this affliction, Mr. Jermihov's physician recommended acupuncture.  Accordingly, Mr. Jermihov began to receive acupuncture treatments on a weekly basis for approximately nine months, or some 40 weeks.  The cost of this treatment --$75 per week--was not reimbursed (or reimbursable) through petitioners' health insurance.  For the year Mr. Jermihov paid $3,000 ($75/wk × 40 wks) for his acupuncture treatment.

Petitioners' Charitable Contributions

Petitioners are, and have been for some years, parishioners of Holy Virgin Protection Cathedral. According to the Cathedral Dean, they were "faithful parishioners in good standing" in 2009. When petitioners attended services and otherwise went to church, they used cash to purchase candles and to make donations to the poor box and the collection plate and for other offerings.

Petitioners' Employment-Related Expenses

During 2009 Mr. Jermihov was a faculty member in the music department of Triton College in River Grove, Illinois. His job included conducting and developing choral ensembles, recruiting students, and teaching courses in music theory, ear training, music appreciation, and music technology.

In 2009 Mr. Jermihov paid dues of $829 to a teachers union and was a member of other professional organizations. In addition, the nature of his work, particularly the recruitment aspect of his position, required that he travel on occasion to locations away from Triton College to meet with prospective students at high schools and churches located in the greater Chicago area.

During 2009 petitioner Irene Jermihov was employed as a music teacher at an elementary school in Lincolnwood, Illinois. Mrs. Jermihov paid dues of $690 to a teachers union in 2009. See supra note 2.

Petitioners' 2009 Tax Return

Petitioners timely filed their 2009 Federal income tax return. Petitioners reported gross income of $150,550, claimed an "above-the-line" deduction of $500 for educator expenses, and thus reported adjusted gross income of $150,050.

Petitioners attached to their return a Schedule A and claimed various itemized deductions of $60,458. Among the deductions claimed were medical and dental expenses of $7,064 (net of the 7.5% threshold prescribed by section 213(a)), charitable contributions of $7,762, and miscellaneous itemized deductions of $5,564 (net of the 2% threshold prescribed by section 67(a)).

Regarding the deduction for miscellaneous itemized deductions, petitioners determined the deductible amount as follows:

| | |
|---|---:|
| Unreimbursed employee expenses | $8,415 |
| Tax preparation fees | 150 |
| Gross amount | 8,565 |
| Less: 2% threshold | (3,001) |
| Net amount | 5,564 |

To support the deduction for unreimbursed employee expenses, petitioners attached to their return Form 2106, Employee Business Expenses, and reported the following:

| | |
|---|---:|
| Vehicle expenses | $3,850 |
| Parking fees, tolls, and transportation | 750 |
| Travel expenses while away from home overnight | 800 |
| Subtotal | 5,400 |
| Meals and entertainment | 550 |
| Less: Nondeductible portion | (275) |
| Total | 5,675 |

In Part II, Vehicle Expenses, of Form 2106, petitioners determined vehicle expenses of $3,850 by multiplying 7,000 miles times the standard mileage rate of $0.55/mile.

In addition to the total amount per the Form 2106 (i.e., $5,675), petitioners' $8,415 deduction for unreimbursed employee expenses also included union and professional dues, professional subscriptions, and "excess educator expenses".

Notice of Deficiency and Petition

Following the examination of petitioners' 2009 income tax return, respondent issued a notice of deficiency in March 2012. In the notice respondent determined a deficiency of $4,980 on the basis of the disallowance for lack of substantiation of all of the medical and dental expenses, charitable contributions, and miscellaneous itemized deductions claimed by petitioners on their Schedule A.[3] Respondent did not, however, disallow the $500 "above-the-line" deduction

[3] It would appear that the disallowance of the miscellaneous itemized deductions contemplated only petitioners' employee expenses and that the $150

(continued...)

claimed by petitioners for educator expenses.  Finally, respondent determined that petitioners were not liable for alternative minimum tax as originally reported by them on their return.

In June 2012 petitioners timely filed a petition for redetermination contesting the disallowance of their aforementioned Schedule A deductions.

This case was originally scheduled for trial in May 2013 but was continued six days before trial pursuant to petitioners' request.  The case was ultimately tried to the Court in late March 2014.

## Discussion

## I.  Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are incorrect.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a)(1).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir.

---

[3](...continued)
deduction for tax preparation fees was disallowed solely because of the 2% threshold on miscellaneous itemized deductions.  See sec. 67(a).

1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); see sec. 7491(a)(2).

## II. General Principles Governing Substantiation

Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Thus, contrary to petitioners' apparent view, the fact that a taxpayer reports a deduction on the taxpayer's income tax return and attaches some Internal Revenue Service-prescribed form in support of that deduction is not sufficient to substantiate the deduction claimed on the return. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). A tax return is merely a statement of the taxpayer's claim; the return is not presumed to be correct. Wilkinson v. Commissioner, 71 T.C. at 639; Roberts v. Commissioner, 62 T.C. at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (stating that a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245 (1946) (stating that a taxpayer's return is not self-proving as to the truth of its contents), aff'd, 175 F.2d 500 (2d Cir. 1949).

A taxpayer is required to maintain records sufficient to substantiate deductions claimed by the taxpayer on his or her return. See generally sec. 6001

("Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records * * * and comply with such rules and regulations as the Secretary may from time to time prescribe."); sec. 1.6001-1(a), Income Tax Regs. ("[A]ny person subject to tax * * * shall keep such permanent books of account or records * * * as are sufficient to establish the amount of * * * deductions[.]"); sec. 1.6001-1(e), Income Tax Regs. ("The books or records required by this section shall be kept at all times available for inspection by authorized internal revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law[.]").

As a general rule, if, in the absence of such records, a taxpayer provides sufficient evidence that the taxpayer has paid a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance

would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

However, in the case of certain expenses, section 274(d) overrides the so-called Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Specifically, and as pertinent herein, section 274(d) provides that no deduction is allowable for traveling expenses (including meals and lodging while away from home) or entertainment expenses or with respect to listed property as defined in section 280F(d)(4), unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.  Included within the definition of listed property in section 280F(d)(4) is any passenger automobile or other property used as a means of transportation.  Sec. 280F(d)(4)(A)(i) and (ii), (5); sec. 1.280F-6(b) and (c), Income Tax Regs.

Thus, under section 274(d), no deduction is allowable for expenses incurred in respect of listed property such as an automobile on the basis of any approximation or the unsupported testimony of the taxpayer.  See, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.  In other words, in the absence of adequate records or sufficient

evidence corroborating the taxpayer's own statement, any deduction that is subject to the stringent substantiation requirements of section 274(d) is proscribed.

III. Loss of Records

At trial Mr. Jermihov testified that petitioners' substantiating documents were destroyed in April 2013 when their basement was flooded. Mr. Jermihov was unable to document the flood by an insurance claim or otherwise because, in his words, "there was no structural damage to the house" but "simply a matter of an unfinished basement containing several boxes that were rendered impossible to use [because] they were just all glued together and basically useless." Oddly, however, petitioners never mentioned a flood or a loss of records when they requested that their case be continued for trial in May 2013.

In any event, unavailability of a taxpayer's records does not relieve the taxpayer of the burden of demonstrating his or her entitlement to deductions claimed. Thus, insofar as deductions subject to the strict substantiation requirements of section 274 are concerned, if a taxpayer's records have been destroyed or lost because of circumstances beyond the taxpayer's control, such as by fire, flood, earthquake, or other casualty, the taxpayer may substantiate the deduction by "reasonable reconstruction" of his or her expenses, see sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), and

should do so to the fullest extent possible, e.g., Roumi v. Commissioner, T.C. Memo. 2012-2; Chong v. Commissioner, T.C. Memo. 2007-12. For deductions not subject to the strict substantiation requirements of section 274, a taxpayer might seek to obtain statements from third-parties such as health care providers or professional organizations in order to substantiate payment of claimed expenses.

## IV.  Petitioners' Schedule A Deductions

### A.  Medical and Dental Expenses

Certain expenses paid during the taxable year, not compensated by insurance or otherwise, for the medical care of the taxpayer or a dependent may be allowed as a deduction to the extent that the expenses exceed 7.5% of the taxpayer's adjusted gross income. Sec. 213(a). "Medical care" includes amounts paid for diagnosis, cure, mitigation, treatment, or prevention of disease or for the purpose of affecting any structure or function of the body, under section 213(d)(1)(A).

In 2009 petitioners paid out-of-pocket $6,300 for the cost of their son's psychotherapy and $3,000 for Mr. Jermihov's acupuncture. The sum of these two amounts, or $9,300, constitutes a medical expense under section 213(a).

Other than the costs of their son's psychotherapy and Mr. Jermihov's acupuncture, petitioners presented no persuasive evidence regarding any other

medical or dental expense that they may have incurred in 2009. See Williams v. United States, 245 F.2d at 560-561; Vanicek v. Commissioner, 85 T.C. at 742-743. Nor did petitioners present any persuasive evidence why they could not have obtained third-party records, such as from their insurance provider or some health care provider such as a dentist, during the 11-month period between the alleged flood and the trial of this case.

In sum, petitioners are entitled to a deduction for medical and dental expenses of $9,300 (i.e., $6,300 + $3,000), subject to the applicable percentage threshold.

B. Charitable Contributions

Section 170(a)(1) provides the general rule that there shall be allowable as a deduction any charitable contribution which is made within the taxable year and verified under regulations prescribed by the Secretary.

On their 2009 return petitioners claimed a deduction for charitable contributions of $7,762. At trial Mr. Jermihov testified that "[w]e paid the church something in the vicinity of $5,000 in direct donations on a weekly basis."

Although the record is clear that petitioners were members of Holy Virgin Protection Cathedral in 2009 and that the Cathedral Dean regarded them to be

"faithful parishioners in good standing" with the church,[4] the fact of the matter is that anonymous cash contributions, whether for votive or sanctuary candles or made to the poor box or collection plate, hardly satisfy the substantiation requirements of section 170 and applicable regulations thereunder.  See, e.g., sec. 1.170A-13(a)(1), (f), Income Tax Regs.  On the other hand, the Court is satisfied that petitioners did make some cash contributions when they attended religious services.  Accordingly, bearing heavily against petitioners whose inexactitude is of their own making, the Court holds that petitioners are entitled to a deduction for cash contributions of $1,000 to Holy Virgin Protection Cathedral.  See Cohan v. Commissioner, 39 F.2d at 543-544.  However, there is nothing in the record to support an allowance for a contribution to any other charitable organization.  See Williams v. United States, 245 F.2d at 560; Vanicek v. Commissioner, 85 T.C. at 743.

In sum, the Court holds that petitioners are entitled to a deduction for charitable contributions of $1,000.

---

[4] Neither the Cathedral Dean nor the record in general discloses what "good standing" may signify.

C.  Unreimbursed Employee Expenses

In general, a taxpayer who is an employee may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162.  E.g., Lucas v. Commissioner, 79 T.C. 1, 6 (1982).

In 2009 Mr. Jermihov paid union dues of $829 and Mrs. Jermihov paid union dues of $690.  Most of the remaining expenses that petitioners seek to deduct relate to transportation, travel, and meals and entertainment as reported on Form 2106.  These latter expenses are subject to the strict substantiation requirements of section 274.

If petitioners' records were lost to a flood in April 2013, the fact remains that petitioners made no serious and persuasive effort to reconstruct their expenses in the year following such event.  See Roumi v. Commissioner, T.C. Memo. 2012-2; Chong v. Commissioner, T.C. Memo. 2007-12; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., supra.  Further, the entries appearing on petitioners' Form 2106 suggest that records may not have been maintained in the first instance because such entries are indicative of estimates (e.g., vehicle expense based on 7,000 business miles; travel expenses of $800), which are the antithesis of  what section

274 demands.[5] Thus, the expenses claimed on petitioners' Form 2106 are not deductible.

Insofar as the remaining employee expenses are concerned, we are satisfied that petitioners paid some amount for professional dues and subscriptions, and we deem $300 to be a reasonable allowance in the absence of any records. See Cohan v. Commissioner, 39 F.2d at 543-544. However, the record does not demonstrate that petitioners paid more than $500 for educator expenses, the amount claimed by them (and allowed by respondent) as an "above-the-line" deduction on page 1 of their Form 1040, U.S. Individual Income Tax Return.

In sum, the Court holds that petitioners incurred unreimbursed employee expenses for union dues of $1,519 (i.e., $690 + $829) and for professional dues and subscriptions of $300, which amounts (together with tax preparation fees of $150) are deductible on Schedule A, subject to the applicable percentage threshold.

---

[5] Indeed, at trial, although Mr. Jermihov testified that records were maintained, he candidly admitted to "estimations" and "approximations".

It also bears repeating that the alleged loss of records occurred well after the filing of petitioners' 2009 return.

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support any result contrary to those reached herein.

To give effect to our holdings, as well as respondent's concession, see supra note 2,

Decision will be entered under

Rule 155.