T.C. Summary Opinion 2017-76

UNITED STATES TAX COURT

JOSHUA BRANDON TILLER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14640-16S.                              Filed October 2, 2017.

Joshua Brandon Tiller, pro se.

<u>Dean H. Wakayama</u>, <u>Gregory Michael Hahn</u>, <u>Danae M. Rawson</u>, and

Adam Z. Daheim (student), for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for Federal income tax deficiencies and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2013 | $5,260 | $1,052 |
| 2014 | 5,750 | 1,150 |

Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).  At the time the petition was filed, petitioner resided in the State of Washington.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar, and mileage totals are rounded to the nearest mile.

After concessions,[2] the issues remaining for decision are whether petitioner

is (1) entitled to deductions for vehicle expenses for the years in issue and

(2) liable for accuracy-related penalties.

Background[3]

Petitioner dropped out of high school and enlisted in the U.S. Army. He

later earned a high school equivalency degree. After completing his tour of duty

with the Army, petitioner began working in the heavy construction industry,

primarily performing construction and repair work on highways and bridges.

During the years in issue petitioner resided in Roseville, California, about 20 miles

northeast of Sacramento, California.

I. Petitioner's Employment

    A. 2013

During most of 2013 petitioner worked for Myers & Sons Construction

(MSC), a company based in Sacramento. MSC assigned petitioner to work at

---

[2]Petitioner conceded that he failed to report unemployment compensation of $1,028 for the taxable year 2013. Respondent disallowed deductions that petitioner claimed on Schedules A, Itemized Deductions, for various unreimbursed employee business expenses for the years in issue. Petitioner challenges only the disallowance of the portions of the deductions attributable to vehicle expenses. Other adjustments are computational and will flow from our decision in this case.

[3]Some of the facts have been stipulated and are so found.

several MSC worksites in California, including some which were in or near Roseville (including Sacramento, Jackson, and Stockton), and other more distant worksites (Richmond, Modesto, and Bakersfield).  MSC assigned petitioner to make emergency repairs at a worksite in Bakersfield, and he drove his vehicle a total of 1,172 miles on two round trips to that location.  All of petitioner's job assignments were expected to be completed within a few days to a few months.

While he was employed by MSC, petitioner did not have a regular place of business to report for work--he drove directly from his home to MSC's various worksites.  MSC did not reimburse its hourly employees (such as petitioner) for vehicle expenses incurred while traveling to or from its worksites.  The following table lists the one-way distance from petitioner's home in Roseville to MSC's worksites:

| Location | Miles |
|----------|-------|
| Sacramento | 20 |
| Jackson | 51 |
| Stockton | 67 |
| Richmond | 91 |
| Modesto | 92 |
| Bakersfield | 293 |

B. 2014

Although petitioner was briefly unemployed at the start of 2014, he worked for Flatiron West, Inc. (FWI), from March through December that year. He was primarily assigned to a bridge project in the San Francisco Bay area but was subject to reassignment to other FWI worksites at any time. While employed by FWI, petitioner normally worked 12-hour shifts, six days per week.

Petitioner usually drove directly from his home in Roseville to FWI's bridge project--a one-way trip of 105 miles. About one day per week, however, he stopped at FWI's office in Benicia, California, to pick up tools or to meet with his boss. FWI's office, which was on the same route that petitioner took to the bridge project, was 73 miles from his home. FWI did not reimburse its hourly employees (such as petitioner) for vehicle expenses incurred while traveling to or from its worksites.

## II. Petitioner's Tax Returns for 2013 and 2014

Petitioner timely filed Federal income tax returns for 2013 and 2014 and reported wages of $57,986 and $87,479, respectively. He attached Schedules A and Forms 2106-EZ, Unreimbursed Employee Business Expenses, to his tax returns. As is relevant here, petitioner reported that he drove 29,619 and 37,000 miles for business purposes during the taxable years 2013 and 2014, respectively.

In computing unreimbursed employee business expenses on Form 2106-EZ, petitioner used the optional standard mileage rates and claimed vehicle expense deductions of $16,735 and $20,720 for 2013 and 2014, respectively.[4]

III. Additional Records

Although petitioner had maintained mileage logs during the years in issue, he lost the logs when he moved from California to Washington State. Before trial petitioner attempted to recreate his mileage logs, relying in part on records that he had obtained from MSC and FWI.

Petitioner admitted at trial that his attempt to recreate his mileage log for 2013 was largely ineffective because the total mileage that he calculated for that year was much higher than the mileage that he had originally reported on Form 2106-EZ (which had been drawn from his mileage log). Petitioner indicated that the mileage that he had originally reported on Form 2106-EZ for 2013 was accurate.

At trial petitioner claimed a deduction for vehicle expenses for the taxable year 2014 that is substantially less than the amount he originally claimed on Form

---

[4]The Commissioner generally updates the optional standard mileage rate annually. See sec. 1.274-5(j)(2), Income Tax Regs. Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673, established the standard mileage rate of 56.5 cents per mile for taxable year 2013. Notice 2013-80, sec. 3, 2013-52 I.R.B. 821, 821, established the standard mileage rate of 56 cents per mile for taxable year 2014.

2106-EZ for that year.  Specifically, petitioner concluded that he was not entitled to deduct vehicle expenses attributable to his daily commute between his home in Roseville and FWI's office in Benicia.  He nevertheless maintains that he is entitled to deduct vehicle expenses attributable to the total of his daily round trip mileage between FWI's office and his normal worksite in the San Francisco Bay area.

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5]

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v.

---

[5]Petitioner has not asserted that the burden of proof as to any relevant factual issue should shift to respondent under sec. 7491(a), and there is no justification on this record for doing so.

Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). A deduction normally is not available, however, for personal, living, or family expenses. Sec. 262(a).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201

(2d Cir. 1969). The term "listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement, establishing the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The Court may permit a taxpayer to substantiate expenses through secondary evidence where the underlying documents have been unintentionally lost or destroyed. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); Davis v. Commissioner, T.C. Memo. 2006-272. A taxpayer is required, however, to reconstruct pertinent records to the fullest extent possible. See Roumi v. Commissioner, T.C. Memo. 2012-2; Chong v. Commissioner, T.C. Memo. 2007-12.

## I. Vehicle Expenses

Petitioner claimed deductions for unreimbursed employee business expenses, including vehicle expenses for his daily round trips to MSC's and FWI's worksites. Respondent maintains that petitioner's vehicle expenses are nondeductible personal expenses under section 262.

As a general rule, a taxpayer's costs of commuting between his or her residence and place of business or employment are nondeductible personal expenses. See Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.262-1(b)(5), Income Tax Regs. This general rule is attributable "to the assumption that people will choose to live near their place of employment." Dahood v. United States, 747 F.2d 46, 48 (1st Cir. 1984).

There are various exceptions to the general rule governing commuting expenses. See Bogue v. Commissioner, T.C. Memo. 2011-164, aff'd, 522 F. App'x 169 (3d Cir. 2013). Under one exception, a taxpayer is entitled to deduct transportation costs (including vehicle expenses) attributable to work at a series of temporary worksites that are distant from the taxpayer's residence. Schurer v. Commissioner, 3 T.C. 544 (1944). The Commissioner has memorialized this so-called temporary distant worksite exception in Rev. Rul. 99-7, 1999-1 C.B. 361, which states that a taxpayer may deduct travel expenses "incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works."

A work location may be considered temporary (as opposed to indeterminate or indefinite) if employment there is expected to last only a short time. Norwood v. Commissioner, 66 T.C. 467, 469 (1976); see sec. 162(a) (flush language). Where employment is temporary, some otherwise personal expenses connected with such employment may be considered to arise from the exigencies of business and not from the taxpayer's personal choice to live at a distance from his work. Norwood v. Commissioner, 66 T.C. at 469 (citing Peurifoy v. Commissioner, 358 U.S. 59, 62 (1958)).

Because the term "metropolitan area" is ill defined for the purpose of determining whether transportation expenses qualify for deduction under section 162, the Court considers all the facts and circumstances in deciding whether transportation expenses were incurred in traveling to a temporary worksite unusually distant from the area where the taxpayer lives and normally works. Bogue v. Commissioner, T.C. Memo. 2011-164; see Ellwein v. United States, 778 F.2d 506, 511 (8th Cir. 1985); Dahood, 747 F.2d at 48.

A second exception to the general rule that commuting expenses are nondeductible personal expenses, the so-called regular work location exception, was first articulated by the Commissioner in Rev. Rul. 90-23, 1990-1 C.B. 28. The current version of the exception is set forth in Rev. Rul. 99-7, 1999-1 C.B. at 362, which states: "If a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location in the same trade or business, regardless of the distance." In Bogue v. Commissioner, T.C. Memo. 2011-164, the Court questioned the rationale of the regular work location exception and treated it as a concession by the Commissioner.

A work location is regular if it is a location at which the taxpayer works or performs services regularly. Id. A work location is either a regular work location or a temporary work location--it cannot be both at the same time. Id.[6]

It is not lost on the Court that construction workers, particularly heavy-construction workers such as petitioner, often do not have "a permanent locus of employment" and such workers are "required to travel from job to job in order to practice their trade." Peurifoy v. Commissioner, 358 U.S. at 62 (Douglas, J., dissenting). And as the Peurifoy case and others like it show, petitioner is not the first construction worker to struggle with the complex legal rules that govern deductions for what can be significant transportation expenses getting to and from work. Ultimately, however, the Court is obliged to apply the law to the facts as they are presented in the evidentiary record.

A. Vehicle Expenses for Tax Year 2013

In 2013 petitioner worked at MSC worksites around the Roseville/ Sacramento area and at more distant locations. He drove his vehicle directly to and from the worksites and was not eligible to be reimbursed by MSC for his

---

[6]Petitioner does not assert that his residence in Roseville was his principal place of employment for either of the taxable years in issue.

vehicle expenses. Petitioner maintains that he should be permitted to deduct for 2013 his vehicle expenses attributable to his trips to temporary distant worksites.[7]

We agree with petitioner that MSC's worksites in Richmond, Modesto, and Bakersfield qualify as temporary distant worksites within the meaning of Rev. Rul. 99-7, supra. Those worksites ranged from 91 to 293 miles (one way) from Roseville, and petitioner's work there was expected to be completed within a few days to a few months. With the exception of two trips to Bakersfield, however, we are obliged to deny petitioner the deduction he seeks for vehicle expenses because he has failed to satisfy the strict substantiation requirements prescribed in section 274(d).

Petitioner admitted at trial that his effort to recreate his mileage log for 2013 was largely ineffective. Although we found petitioner to be completely honest and forthright, and we have no doubt that he drove long distances to MSC's worksites, he was unable to provide the Court with reliable evidence of the number of days that he actually worked at each MSC worksite. Unfortunately, petitioner's attempt

---

[7]Petitioner's vehicle expenses attributable to his daily commute to MSC worksites in and around Roseville and Sacramento do not qualify for the temporary distant worksite exception. In short, those worksites were in the general area where petitioner lived and normally worked, and we do not understand petitioner to argue otherwise. See Sanders v. Commissioner, T.C. Memo. 2012-200.

to compute an "average" of the days that he worked at these distant worksites is essentially guesswork and is insufficient to satisfy the strict substantiation requirements of section 274(d) and related regulations. As noted above, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d at 543-544, to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Although petitioner is not entitled to the bulk of the deduction that he claimed for unreimbursed employee business expenses for the taxable year 2013, the record shows that he made two round trips to Bakersfield to perform emergency repair work for MSC. Consequently, petitioner is entitled to a deduction of $662 for vehicle expenses for 2013 (1,172 miles × 56.5 cents per mile) but only to the extent that his miscellaneous expenses exceed the 2% floor imposed by section 67(a).

B. Vehicle Expenses for Tax Year 2014

Petitioner worked for FWI for 10 months in 2014, primarily at a bridge project in the San Francisco Bay area. He was required to stop at FWI's office in Benicia (73 miles from his home in Roseville) to pick up tools or to meet with his supervisor about one day per week. Otherwise, he drove directly to and from the

assigned worksite--about 105 miles one way from Roseville.  Petitioner was not eligible to be reimbursed by FWI for his vehicle expenses.

Petitioner argues that FWI's office in Benicia qualified as his regular place of employment in 2014.  In this regard, petitioner maintains that although he is not entitled to a deduction for vehicle expenses attributable to his daily commute from his home in Roseville to Benicia, he should be allowed a deduction for vehicle expenses attributable to the daily round trip mileage between Benicia and FWI's San Francisco Bay worksite--a total of 16,523 miles for the year.

We accept that FWI's office in Benicia was petitioner's principal place of employment in 2014.  As a general rule, the location of a taxpayer's principal place of employment is the taxpayer's tax home, not the location of the taxpayer's personal residence.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).  Once a taxpayer accepts employment that is located either permanently or for an indefinite time away from his old principal place of employment, the taxpayer's tax home shifts to the location of the new principal place of employment.  Allen v. Commissioner, T.C.

Memo. 2009-102 (citing <u>Coombs v. Commissioner</u>, 608 F.2d 1269 (9th Cir. 1979)); <u>see also</u> <u>Kroll v. Commissioner</u>, 49 T.C. at 562-563.[8]

A taxpayer is entitled to deduct vehicle expenses associated with any trips from his principal office to client offices or worksites, including a return trip to the principal office, if any. <u>See</u> <u>Heuer v. Commissioner</u>, 32 T.C. 947 (1959), <u>aff'd</u>, 283 F.2d 865 (5th Cir. 1960); <u>see also</u> <u>Green v. Commissioner</u>, 59 T.C. 456, 459 (1972); <u>Joly v. Commissioner</u>, T.C. Memo. 1995-413; <u>Bass v. Commissioner</u>, T.C. Memo. 1981-146. About one day per week petitioner stopped at FWI's office for a meeting or to pick up tools and then continued on to the worksite. There is no indication that petitioner stopped at FWI's office at the end of the day before he returned home to Roseville. Under the circumstances, petitioner would be entitled to deduct vehicle expenses attributable to his one-way trip from FWI's office to the worksite one day per week--a total of 40 trips of 32 miles each or a total of 1,280 miles.

---

[8]An exception to the general rule exists where a taxpayer accepts temporary, rather than indefinite, employment away from his personal residence; in that case, the taxpayer's personal residence may be considered his tax home. <u>Peurifoy v. Commissioner</u>, 358 U.S. 59, 60 (1958). The purpose of the exception is to mitigate the burden of the taxpayer who must incur duplicate living expenses because of the exigencies of business. <u>Kroll v. Commissioner</u>, 49 T.C. 557, 562 (1968). There is no evidence in the record that petitioner's employment with FWI was temporary as opposed to indefinite.

Unfortunately, the resulting vehicle expenses of $717 (1,280 miles × 56 cents per mile) attributable to these trips do not exceed the 2% floor for miscellaneous itemized deductions imposed under section 67(a). Moreover, petitioner's remaining itemized deductions for 2014 fall well short of the standard deduction of $6,200 for that year--the amount that respondent allowed in the notice of deficiency. See sec. 63(c). Accordingly, we sustain the income tax deficiency that respondent determined for 2014.

## II. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the amount of any underpayment of tax that is attributable to: (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent bears the burden of production with respect to the penalty. See sec. 7491(c).[9]

---

[9]Respondent has satisfied his burden of production. The understatements in dispute exceed 10% of the tax required to be shown on petitioner's returns, which

(continued...)

However, section 6664(c) provides that no penalty shall be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Swihart v. Commissioner, T.C. Memo. 1998-407. The Court must consider all the facts and circumstances in determining whether the taxpayer acted with reasonable cause and in good faith. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.

Considering all the facts and circumstances, including petitioner's lack of sophistication regarding tax matters, the complexity of the tax laws governing commuting expenses, and the loss of his original mileage logs, we conclude that he has shown reasonable cause and that he acted in good faith in respect of the portions of the underpayments for 2013 and 2014 that are attributable to the disallowance of deductions for vehicle expenses. No penalty may be imposed under section 6662(a) in respect of those portions of the underpayments.

---

[9](...continued)
are greater than $5,000. Moreover, petitioner conceded without explanation an item of unreported income for 2013 and the disallowance of deductions for unreimbursed employee expenses (other than vehicle expenses) for both of the taxable years in dispute.

In the absence of an explanation regarding the portions of the underpayments attributable to (1) the balance of the unreimbursed employee business expense deductions that respondent disallowed and (2) petitioner's failure to report unemployment compensation for 2013, however, we conclude that petitioner is liable for the penalty imposed under section 6662(a) with respect to these portions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.